**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of Delaware_____
                                             (State)

Case number (*If known*): _____ Chapter 11____

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | DCL Holdings (USA), Inc. |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | Lansco Holdings, Inc. |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 8 2 – 4 9 6 5 4 7 2 |

4. **Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| 11 Concorde Gate, Suite #608 | |
| Number     Street | Number     Street |
| | |
| | P.O. Box |
| Toronto, Ontario, M3C 3N6 | |
| City    State    ZIP Code | City    State    ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| | |
| County | Number     Street |
| | |
| | City    State    ZIP Code |

5. **Debtor's website** (URL)    https://www.pigments.com/

Debtor  DCL Holdings (USA), Inc._____          Case number (*if known*)_____
        Name

6. **Type of debtor**
   - ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   - ❏ Partnership (excluding LLP)
   - ❏ Other. Specify: _____

7. **Describe debtor's business**

   A. *Check one:*
   - ❏ Health Care Business (as defined in 11 U.S.C. § 101(27A))
   - ❏ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
   - ❏ Railroad (as defined in 11 U.S.C. § 101(44))
   - ❏ Stockbroker (as defined in 11 U.S.C. § 101(53A))
   - ❏ Commodity Broker (as defined in 11 U.S.C. § 101(6))
   - ❏ Clearing Bank (as defined in 11 U.S.C. § 781(3))
   - ☒ None of the above

   B. *Check all that apply:*
   - ❏ Tax-exempt entity (as described in 26 U.S.C. § 501)
   - ❏ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
   - ❏ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

   C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

   _3_ _2_ _5_ _5_

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

   A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

   *Check one:*
   - ❏ Chapter 7
   - ❏ Chapter 9
   - ☒ Chapter 11. *Check **all** that apply*:
     - ❏ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
     - ❏ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
     - ❏ A plan is being filed with this petition.
     - ❏ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
     - ❏ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
     - ❏ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
   - ❏ Chapter 12

Debtor  DCL Holdings (USA), Inc._____  Case number (if known)_____
       Name

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   If more than 2 cases, attach a separate list.

   ☒ No
   ☐ Yes.  District _____  When _____  Case number _____
                                          MM / DD / YYYY
           District _____  When _____  Case number _____
                                          MM / DD / YYYY

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

    ☐ No
    ☒ Yes.  Debtor  See Rider 1_____  Relationship  Affiliate_____
            District  Delaware_____  When  contemporaneously
                                                              MM / DD / YYYY
            Case number, if known  _____

11. **Why is the case filed in *this district*?**

    Check all that apply:

    ☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ☒ No
    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
       What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
                                Number       Street
                                _____
                                _____  _____ _____
                                City                                      State ZIP Code

    **Is the property insured?**
    ☐ No
    ☐ Yes. Insurance agency _____
           Contact name      _____
           Phone             _____

---

**Statistical and administrative information**

| Debtor | DCL Holdings (USA), Inc. | Case number (if known) |
|---|---|---|
| | Name | |

**13. Debtor's estimation of available funds**

Check one:
☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
☒ 200-999
☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated assets**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million
☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☒ $100,000,001-$500 million
☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

**16. Estimated liabilities**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million
☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☒ $100,000,001-$500 million
☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 12/20/2022
MM / DD / YYYY

✘ /s/ Scott Davido
Signature of authorized representative of debtor

Scott Davido
Printed name

Title Chief Restructuring Officer

| Debtor | DCL Holdings (USA), Inc. | Case number (if known) |
|---|---|---|
| | Name | |

**18. Signature of attorney**

✗ /s/ Amanda R. Steele

Signature of attorney for debtor

Date 12/20/2022
MM / DD / YYYY

Amanda R. Steele
Printed name

Richards, Layton & Finger, P.A.
Firm name

920 North King Street
Number    Street

Wilmington
City

DE
State

19801
ZIP Code

(302) 651-7700
Contact phone

Steele@rlf.com
Email address

5530
Bar number

DE
State

**Rider 1**
**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of DCL Holdings (USA), Inc.

- DCL Holdings (USA), Inc.
- DCL Corporation (BP), LLC
- H.I.G. Colors Holdings, Inc.
- H.I.G. Colors, Inc.
- DCL Corporation (USA) LLC
- Dominion Colour Corporation (USA)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DCL HOLDINGS (USA), INC., | ) | Case No. 22-_____ (____) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| H.I.G. Colors, Inc. | 100% |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DCL HOLDINGS (USA), INC., | ) | Case No. 22-_____ (____) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## LIST OF EQUITY SECURITY HOLDERS[1]

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| H.I.G. Colors, Inc. | 1 Concorde Gate, Suite #608 Toronto, Ontario M3C 3N6 | 100% |

---

[1] This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**Fill in this information to identify the case and this filing:**

Debtor Name  DCL Holdings (USA), Inc.

United States Bankruptcy Court for the: _____  District of  Delaware
                                                                                                       (State)

Case number (*If known*): _____

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration  List of Equity Security Holders and Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **12/20/2022**  ✖ */s/ Scott Davido*
              MM / DD / YYYY                  Signature of individual signing on behalf of debtor

                                                               Scott Davido
                                                               Printed name

                                                               Chief Restructuring Officer
                                                              Position or relationship to debtor

Official Form 204
Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 1 | Internal Revenue Service<br>Centralized Insolvency Operation<br>P.O. Box 7346<br>Philadelphia, PA 19101 | Phone: +1 (800) 973-0424 (Direct); +1 (844) 250-2035 (Fax) | Due To Government | Disputed | | | $11,214,333.00 |
| 2 | The Shepherd Color Company<br>4539 Dues Drive<br>P.O. Box 465627<br>Cincinnati, OH 45246 | Contact: Jenna Letts<br>Phone: +1 (513) 874-0714 x3300 (Office); +1 (724) 255-2199 (Mobile)<br>Email: jletts@shepherdcolor.com | Trade Vendor | | | | $2,631,035.44 |
| 3 | Oriental Color Corp., Ltd.<br>1801, 24th Building<br>Shui Xin Ge, Hangzhou, 310004, China | Contact: He Li<br>Email: heli@ocolor.com | Trade Vendor | | | | $2,257,299.28 |
| 4 | Innophos Inc.<br>P.O. Box 60590<br>Charlotte, NC 28260 | Contact: Maryann Toth<br>Phone: +1 (609) 366-1258<br>Email: Maryann.Toth@Innophos.com | Trade Vendor | | | | $1,011,888.00 |
| 5 | Carlfors Bruk AB<br>Box 44<br>SE-561 38 Huskvarna, Sweden | Contact: Hannah Hultenius<br>Phone: +46 (0)36 389515<br>Email: hannah.hultenius@carlfors.se | Trade Vendor | | | | $897,339.62 |
| 6 | Pidilite Industries Ltd.<br>Regent Chambers, 7th Floor, Jamnalal Bajaj Marg, 208, Nariman Point<br>Mumbai 400021, India | Contact: Prashant Shridharani<br>Email: pgs@alphachem.com | Trade Vendor | | | | $674,500.00 |
| 7 | Occidental Chemical Corporation<br>P.O. Box 840642<br>Dallas, TX, 75284 | Contact: Chris Diaz<br>Email: Chris_Diaz@oxy.com | Trade Vendor | | | | $660,411.19 |
| 8 | Penglai Xin Guang Pigment Chemical Co., Ltd.<br>Eastern Suburbs<br>Penglai City, Shandong Prov., 265600, China | Contact: Wang Dan<br>Phone: n/a<br>Email: danwangsh2017@126.com | Trade Vendor | | | | $622,455.96 |
| 9 | AksharChem (India) Ltd.<br>166/169 ,Village Indrad, Kadi Kalol Road, Mehsana Dist.<br>Gujarat 382715, India | Contact: Hitarth Vaidya<br>Email: hitarth@aksharchemindia.com | Trade Vendor | | | | $599,699.00 |
| 10 | Toda United Industrial<br>Floor 11, Zinglong Mansion<br>No. 269 Wuyuan Street<br>Wukang Town, Deqing County, Zhejiang, 313200, China | Contact: Rose Zhou<br>Phone: +86 572 8425299<br>Email: zhy@zjunited.com | Trade Vendor | | | | $594,425.50 |
| 11 | Biddle Sawyer Corporation<br>P.O. Box 36033<br>Newark, NJ 07188 | Contact: Courtney Weiss<br>Phone: +1 (212) 736-1580 x245<br>Email: weiss@BiddleSawyer.com | Trade Vendor | | | | $570,322.51 |
| 12 | Vertellus Specialties Austria GmbH<br>St. Peter Straße 25<br>4020, Linz, Austria | Contact: Bettina Mitterberger<br>Phone: +43 732 662200 2472<br>Email: BMitterberger@Vertellus.com | Trade Vendor | | | | $562,744.98 |
| 13 | Berkeley County Treasurer<br>1003 N. Hwy 52<br>Moncks Corner, SC 29461 | Contact: Carolyn Umphlett<br>Phone: +1 (843) 567-3136 x4728<br>Email: carolyn.umphlett@berkeleycountysc.gov | Due To Government | | | | $562,169.41 |
| 14 | Aceto US LLC<br>4 Tri Harbor Court<br>Port Washington, NY 11050 | Contact: Angela Montoya<br>Email: amontoya@aceto.com | Trade Vendor | | | | $553,869.45 |
| 15 | Unique Chemical Limited<br>19F Shangmao Century Plaza<br>No. 49 Zhongshan South Road<br>Nanjing, 210005, China | Contact: Judy Ding<br>Phone: +86 25 86887400<br>Email: dingding@uniquechemical-nj.com | Trade Vendor | | | | $546,076.00 |
| 16 | Brilliant Group Logistics Corporation<br>159 N. Central Avenue<br>Valley Stream, NY 11580 | Contact: Shanshan Yi<br>Phone: +1 (516) 599-2406 x135<br>Email: ssyi.ny@brilliantgroupusa.com | Trade Vendor | | | | $528,709.11 |
| 17 | U.S. Customs & Border Protection<br>P.O. Box 70946<br>Charlotte, NC 28272 | Phone: +1 (317) 298-1200 | Due To Government | | | | $474,532.08 |
| 18 | Liaoning Honggang Chemicals Co., Ltd.<br>No. 6, Wanhe 2 Road, Aromatics Base<br>Liaoyang City, Liaoning Prov., China | Contact: Jerry Zhang<br>Phone: +86 419 7675988<br>Email: lyns3322@163.com | Trade Vendor | | | | $472,320.00 |
| 19 | Meghmani LLP<br>Plot No: Z-34, Dahej, Tal. Vagra, Dist. Bharuch<br>Gujarat 392130, India | Contact: Sanjay Nayak<br>Phone: +1 (704) 425-6226<br>Email: sanjay.nayak@meghmani.com | Trade Vendor | | | | $469,883.74 |
| 20 | Mazda Colours Ltd.<br>N.K.M. International House, 178, Backbay Reclamation, Babubhai Chinai Marg<br>Mumbai 400020, India | Contact: Rehan Ansari<br>Phone: +91 22 61457000<br>Email: export@mazdacolours.com | Trade Vendor | | | | $459,218.60 |
| 21 | Ultramarine & Pigments Ltd.<br>556, Vanagaram Road<br>Ambattur, Chennai 600053, India | Contact: Naresh Pillai<br>Phone: +91 44 - 2613 6700 - 04 x524<br>Email: naresh@ultramarinepigments.net | Trade Vendor | | | | $389,325.00 |
| 22 | CINIC Chemicals Co., Ltd.<br>1730 Huilian Road<br>Qingpu Industrial Park, Shanghai, 201707, China | Contact: Zhu Zheng<br>Phone: +86 21 5240 0178<br>Email: zhuzheng@cinic.com | Trade Vendor | | | | $376,176.00 |
| 23 | Zeya Chemicals Co., Ltd.<br>A518, Foreign Business Bldg. B<br>Haimen, Jiangsu, 226100, China | Contact: Echo Mei<br>Phone: +86 513 82112119<br>Email: echo@zeyachem.com | Trade Vendor | | | | $370,894.00 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
|---|---|---|---|---|---|---|---|
| | | | | | **Amount of unsecured claim** If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| 24 | P&NM Co., Limited<br>Unit 1015, 10/F Block A, New Mandarin Plaza<br>No 14 Science Museum Road<br>Tsim Sha Tsui East, Kowloon, Hong Kong | Contact: George Qiao<br>Phone: +86 412 838 6888<br>Email: George.qiao@hifichem.com | Trade Vendor | | | | $344,774.00 |
| 25 | U.S. Water Services Corporation<br>4939 Cross Bayou Blvd.<br>New Port Richey, FL 34652 | Contact: Zachary Edward Cain<br>Phone: +1 (828) 989-9387<br>Email: zcain@uswatercorp.net | Trade Vendor | | | | $300,500.00 |
| 26 | Violet Pigment & Chemical Industry<br>Plot No. 2521, G.I.D.C. Estate<br>Ankleshwar 393002, India | Contact: Dilip Gohel<br>Phone: n/a<br>Email: ronakcorporation@hotmail.com | Trade Vendor | | | | $266,160.00 |
| 27 | Vijay Chemical Industries<br>R-422, MIDC, Thane-Belapur Road, Rabale,<br>Navi Mumbai 400701, India | Contact: Chinmay Jangam<br>Phone: +91 96 19144598 (Mobile); +91 22 49769879 (Office)<br>Email: chinmay@vijaychemical.com | Trade Vendor | | | | $257,264.00 |
| 28 | Brenntag Mid-South<br>4200 Azalea Dr.<br>Charleston, SC 29405 | Contact: Matt Moxley<br>Phone: +1 (843) 860-0838 (Mobile); +1 (843) 744-7421 (Office)<br>Email: mmoxley@brenntag.com | Trade Vendor | | | | $234,344.38 |
| 29 | Lona Industries Limited<br>Gharkul, 82, Dr. M. B. Raut Road, Shivaji Park, Dadar West<br>Mumbai 400028, India | Contact: Prakash Patil<br>Phone: Office: +91 22 24442791/2445 1007; Fax: +91 22 2444 2795<br>Email: export@lona.com; patil@lona.com | Trade Vendor | | | | $211,956.00 |
| 30 | Ashu Organics (India) Pvt. Ltd.<br>Shop 1 Gurukrupa Society<br>Thane 400602, India | Contact: Ashutosh Dewal<br>Email: ashutosh.dewal@ashuorganics.com | Trade Vendor | | | | $209,407.50 |

**OMNIBUS RESOLUTIONS OF
H.I.G. COLORS HOLDINGS, INC.
HIG COLORS INC.
DCL HOLDINGS (USA), INC.
DOMINION COLOUR CORPORATION (USA)
DCL CORPORATION (BP), LLC
DCL CORPORATION (USA) LLC**

**December 16, 2022**

The (i) Board of Directors (collectively, the "Board of Directors") of each of H.I.G. Colors Holdings, Inc., a Delaware corporation, HIG Colors Inc., a Delaware corporation, DCL Holdings (USA), Inc., a Delaware corporation, and Dominion Colour Corporation (USA), a New Jersey corporation (each entity, a "Corporation" and collectively, the "Corporations") and (ii) Board of Managers (collectively, the "Board of Managers" and, together with the Board of Directors, the "Boards") of each of DCL Corporation (BP), LLC, a Delaware limited liability company, and DCL Corporation (USA) LLC, a Delaware limited liability company (each entity, a "Limited Liability Company" and collectively, the "Limited Liability Companies", and, together with the Corporations, each, a "Company" and collectively, the "Companies"), have determined that it is in the best interest of the Boards to adopt the following resolutions as the action of the Boards of each Company:

WHEREAS, the Boards have determined that it is in the best interests of the Companies, their shareholders, their creditors, and other parties in interest for each of the Companies to file a voluntary petition seeking relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in a court of proper jurisdiction (the "Bankruptcy Court") to address such Company's financial issues;

WHEREAS, the Boards have reviewed and considered that certain Senior Secured, Super-Priority Debtor-In-Possession Credit Agreement (the "Postpetition Credit Agreement") by and among the Companies, certain of affiliates of the Companies (together with the Companies, the "Borrowers") and Wells Fargo Bank, National Association, as administrative agent ("Agent"), sole lead arranger and bookrunner, and the lenders party thereto (the "Lenders"), pursuant to which the Lenders shall provide post-petition secured financing to the Borrowers; and

WHEREAS, after considering the recommendations of each of the Companies' advisors supporting the entry into the Postpetition Credit Agreement under the facts and circumstances facing such Company, the Boards have deemed it advisable and in the best interests of the Companies and their stakeholders to adopt and approve the Postpetition Credit Agreement and to consummate the transactions contemplated thereby.

NOW, THEREFORE, BE IT RESOLVED, that any officer of a Corporation or manager or officer of a Limited Liability Company, as applicable (each such Persons, an "Authorized Officer" and together, the "Authorized Officers"), acting alone or with one or more other Authorized Officers, is hereby authorized and empowered on behalf of, and in the name of, the Companies to execute and verify or certify a petition under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court at such time as said officer executing

the same shall determine and in such form or forms as any such Authorized Officer may approve in such Authorized Officer's sole discretion;

FURTHER RESOLVED, that the law firm of King & Spalding LLP with its principal office currently located at 1180 Peachtree Street, N.E., Atlanta, Georgia 30309, be, and hereby is, employed as counsel for the Companies in connection with the prosecution of the Companies' case under chapter 11 of the Bankruptcy Code;

FURTHER RESOLVED, that the law firm of Richards, Layton & Finger, P.A. with its principal office currently located at One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, be, and hereby is, employed as local Delaware counsel for the Companies in connection with the prosecution of the Companies' case under chapter 11 of the Bankruptcy Code;

FURTHER RESOLVED, that the advisory firm of Ankura Consulting Group, L.L.C. with its principal office currently located at 485 Lexington Avenue, 10th Floor, New York, NY 10017, be, and hereby is, employed to provide an interim chief financial officer, a chief restructuring officer, and other restructuring personnel for the Companies in connection with the prosecution of the Companies' case under chapter 11 of the Bankruptcy Code;

FURTHER RESOLVED, that Kroll Restructuring Administration LLC ("Kroll"), with its principal office currently located at 55 East 52nd Street, 17th Floor, New York New York 10055, be, and hereby is, employed as claims and noticing agent for the Companies in connection with the prosecution of the Companies' case under chapter 11 of the Bankruptcy Code;

FURTHER RESOLVED, that the investment bank of TM Capital Corp. with its principal office currently located at Promenade, 1230 Peachtree Street NE, Suite 550, Atlanta, GA 30309, be, and hereby is, employed as lead investment bank for the Companies in connection with the prosecution of the Companies' case under chapter 11 of the Bankruptcy Code;

FURTHER RESOLVED, that each of the Authorized Officers be, and each of them hereby is, authorized to prepare (or cause to be prepared), execute and file (or cause to be filed) any and all petitions, schedules, motions, lists, applications, pleadings, and other papers, to take any and all such other and further actions which any Authorized Officer or the Companies' legal counsel may deem necessary, desirable or appropriate in connection with filing the voluntary petition for relief under chapter 11 of the Bankruptcy Code, including, but not limited to motions to obtain the use of cash collateral and to incur debtor in possession financing, and, upon authorization by the Boards as appropriate, to take and perform any and all further acts and deeds which they deem necessary, proper or desirable in connection with the chapter 11 case, with a view to the successful prosecution of such case;

FURTHER RESOLVED, that each of the Authorized Officers be, and each of them hereby is, authorized to cause the Companies, and the Companies are hereby authorized, to incur postpetition secured indebtedness in an amount determined to be necessary or advisable by any of such Authorized Officers to guaranty the obligations of the Borrowers in respect of such indebtedness, and to grant security interests in favor of Agent and the Lenders in any and all assets and properties of the Companies pursuant to one or more security agreements to secure such

indebtedness, and each such Authorized Officer is hereby authorized to negotiate, execute and deliver the Postpetition Credit Agreement, such guaranties and security agreements, and the Companies are authorized to perform all of their obligations and agreements thereunder (including the repayment of any amount owing thereunder) and to consummate the transactions contemplated thereby, and each such Authorized Officer is hereby authorized to negotiate, make, sign, execute, acknowledge, deliver and perform any and all such other instruments and agreements which he or she deems necessary, proper or desirable in connection therewith, pursuant to which substantially all of the assets of the Companies will be pledged to the Agent as collateral under the Postpetition Credit Agreement, in each case, in such forms and with such changes, modifications or additions thereto as the executing Authorized Officer shall approve in his or her sole discretion (such approval to be conclusively evidenced by the execution of the Postpetition Credit Agreement and such other instruments and agreements);

FURTHER RESOLVED, that each of the Authorized Officers be, and each of them hereby is, authorized to cause DCL Corporation (USA) LLC, a Delaware limited liability company ("DCL USA"), and DCL USA is hereby authorized, to execute and deliver (i) an intercompany agreement between DCL USA and DCL Corporation (with corporation number 1993321 and formerly known as Dominion Colour Corporation) and Monteith Inc.), an Ontario corporation with corporation number 1000156489 (the "Canadian Intercompany Agreement"); and (ii) an intercompany agreement between DCL USA, DCL Corporation (NL) B.V. (formerly known as DCC Maastricht B.V.), an entity organized under the laws of The Netherlands, and DCL Corporation (Europe) Limited (formerly known as Dominion Colour Corporation (Europe) Limited), an entity organized under the laws of the United Kingdom (individually, the "European Intercompany Agreement", and together with the Canadian Intercompany Agreement, the "Intercompany Agreements"), in each case, to formally document certain intercompany arrangements relating to inventory sales, shared services and intercompany funding, in such form and on such terms as DCL USA deems advisable, and each such Authorized Officer is hereby authorized to negotiate, execute and deliver the Intercompany Agreements, and DCL USA is authorized to perform all of their obligations and agreements thereunder and to consummate the transactions contemplated thereby, and each such Authorized Officer is hereby authorized to negotiate, make, sign, execute, acknowledge, deliver and perform any and all such other instruments and agreements which he or she deems necessary, proper or desirable in connection therewith, in each case, in such forms and with such changes, modifications or additions thereto as the executing Authorized Officer shall approve in his or her sole discretion (such approval to be conclusively evidenced by the execution of the Intercompany Agreements);

FURTHER RESOLVED, that each of the Authorized Officers be, and each of them hereby is, authorized to employ and retain on behalf of the Company (i) King & Spalding, LLP as bankruptcy counsel, (ii) Richards, Layton & Finger, P.A. as local Delaware counsel, (iii) Ankura Consulting Group, L.L.C. as financial advisor, interim chief financial officer and chief restructuring officer, (iv) Kroll as claims and noticing agent, and (v) TM Capital Corp. as lead investment bank for the Company, in connection with its case under chapter 11 of the Bankruptcy Code;

FURTHER RESOLVED, that the Authorized Officers of the Company be, and each of them hereby is, authorized and directed on behalf of the Company to take such actions and to

make, sign, execute, acknowledge, deliver and perform (and record in a relevant office of the county clerk, if necessary) any and all such agreements, affidavits, orders, directions, certificates, requests, receipts, financing statements or other instruments, as may be necessary, desirable, or appropriate in the reasonable discretion of any such Authorized Officer to give effect to the foregoing resolutions, and to execute and deliver such agreements (including exhibits thereto) and related documents, and to perform fully the terms and provisions thereof;

FURTHER RESOLVED, that the Company be, and hereby is, authorized to pay all fees and expenses incurred by it or for its account in connection with the actions approved in any or all of the foregoing resolutions, and all actions related thereto, and each Authorized Officer be, and each of them hereby is, authorized, empowered and directed to cause the Company to make said payments as each such Authorized Officer may deem necessary, appropriate, advisable or desirable, such payment to constitute conclusive evidence of such Authorized Officer's determination and approval of the necessity, appropriateness, advisability or desirability thereof; and

FURTHER RESOLVED, that to the extent that any of the actions authorized by any of the foregoing resolutions have been taken previously by any Authorized Officers or employees of the Company on its behalf, such actions are hereby ratified, approved and confirmed in their entirety.