## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| DCL HOLDINGS (USA) INC., *et al.*,[1] | Case No. 22-11319 (JKS) |
| Debtors. | (Jointly Administered) |
|  | **Obj. Deadline: January 12, 2023 at 4:00 p.m. (ET)** |
|  | **Hearing Date: January 19, 2023 at 2:00 p.m. (ET)** |

## DEBTORS' APPLICATION FOR AUTHORITY TO RETAIN KING & SPALDING LLP AS COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file

this *Application for Authority to Retain King & Spalding LLP as Counsel to the Debtors and*

*Debtors in Possession* Nunc Pro Tunc *to the Petition Date* (the "Application").  In support of this

Application, the Debtors respectfully represent as follows:

### Relief Requested

1.     By this Application, the Debtors respectfully request the entry of an order,

substantially in the form attached hereto as **Exhibit A** (the "Order") authorizing the Debtors to

employ and retain King & Spalding LLP ("K&S") as their bankruptcy and restructuring counsel

in these chapter 11 cases and any related proceedings effective from the Petition Date in

accordance with the terms and conditions set forth herein.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: DCL Holdings (USA), Inc. (5472); DCL Corporation (BP), LLC (5462); H.I.G. Colors Holdings, Inc. (6233); H.I.G. Colors, Inc. (4305); DCL Corporation (USA) LLC (5534); and Dominion Colour Corporation (USA) (7076). The location of DCL Holdings (USA), Inc.'s corporate headquarters and the Debtors' service address is: 1 Concorde Gate, Suite 608, Toronto, Ontario (Canada) M3C 3N6.

2.      In support of this Application, the Debtors submit the *Declaration of Jeffrey R. Dutson in Support of Debtors' Application for Authority to Retain King & Spalding LLP as Counsel to the Debtors and Debtors in Possession* Nunc Pro Tunc *to the Petition Date* (the "Dutson Declaration") attached hereto as **Exhibit B** and the *Declaration of Scott Davido in Support of Debtors' Application for Authority to Retain King & Spalding LLP as Counsel to the Debtors and Debtors in Possession* Nunc Pro Tunc *to the Petition Date* (the "Davido Declaration") attached hereto as **Exhibit C**.

### Jurisdiction and Venue

3.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The bases for the relief requested herein are section 327 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014, 2016, and 5002 of the Bankruptcy Rules.

2

**Background**

**A.      General Background**

6.      On December 20, 2022 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").  The Debtors have continued in possession of their properties and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a trustee or examiner, and no official committee has yet been established in these cases.

7.      The Debtors cases have been jointly administered pursuant to the *Order (I) Directing Joint Administration of the Debtors' Related Chapter 11 Cases; and (II) Granting Related Relief* [Dkt. No. 50].

8.      The factual background relating to the Debtors' commencement of these cases is set forth in detail in the *Declaration of Scott Davido in Support of Chapter 11 Petitions and First Day Pleadings* [Dkt. No. 26] (the "First Day Declaration") filed on the Petition Date and incorporated herein by reference.

**B.      K&S's Qualifications**

9.      The Debtors have determined that it is necessary to engage attorneys with knowledge and experience in the areas of, among others, bankruptcy, finance, corporate transactions, tax, and corporate governance.  Such legal counsel will enable the Debtors to carry out their duties in these chapter 11 cases and will assist the Debtors in achieving their restructuring goals.  Accordingly, the Debtors propose to retain K&S as bankruptcy counsel in these chapter 11 cases.

10.      The Debtors have selected K&S as their counsel because of the firm's extensive experience and knowledge and its recognized expertise in the field of debtor protections, creditor

3

rights, and business reorganizations under chapter 11 of the Bankruptcy Code, as well as in other areas of law related directly or indirectly to these chapter 11 cases.  K&S has the necessary background to deal effectively with the potential legal issues and problems that may arise in the context of the Debtors' chapter 11 cases. The Debtors believe that K&S is both well qualified and uniquely able to represent them in these cases and in other matters in a most efficient and timely manner.

11.     As a result of its representation of the Debtors since September 2022 and in assisting with the preparation for, and filing of, these chapter 11 cases, K&S's attorneys have become familiar with the complex factual and legal issues that have to be addressed in these chapter 11 cases. The retention of K&S, with its knowledge of and experience with the Debtors, will assist in the efficient administration of the Debtors' estates, thereby minimizing the expense to the estates.

**C.     Scope of Services**

12.     The employment of K&S is appropriate and necessary to enable the Debtors to execute faithfully their duties as debtors and debtors in possession. Subject to further order of this Court, it is proposed that K&S be employed for the following purposes:

(a)     to advise the Debtors with respect to their rights, powers, and duties as debtors in possession in the continued management and operation of their business and management of their properties;

(b)     to advise the Debtors with respect to the conduct of their chapter 11 cases, including all of the legal and administrative requirements in chapter 11;

(c)     to take all necessary action to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtors, the negotiation of disputes in which the Debtors are involved, and the preparation of objections to claims filed against the Debtors' estates;

4

(d)     to prepare on behalf of the Debtors all necessary motions, applications, answers, orders, reports, and other papers in connection with the administration of the Debtors' estates;

(e)     to take all necessary actions in connection with any chapter 11 plan and related disclosure statement and all related documents, and such further actions as may be required in connection with the administration of the Debtors' estates;

(f)     to appear before the Court and any other courts to represent the interests of the Debtors' estates before such courts;

(g)     to attend meetings and represent the Debtors in negotiations with representatives of creditors and other parties in interest;

(h)     to negotiate and prepare documents relating to the disposition of assets, as requested by the Debtors;

(i)     to advise the Debtors on finance, finance-related matters and transactions, and matters relating to the sale of the Debtors' assets; and

(j)     to perform such other legal services for the Debtors as may be necessary and appropriate.

13.     It is necessary for the Debtors to employ attorneys to render the foregoing services. K&S has stated its desire and willingness to act in these cases and to render the necessary professional services as attorneys for the Debtors.

14.     In addition, by separate motions and applications filed contemporaneously herewith or expected to be filed shortly hereafter, the Debtors are also seeking to employ: (a) Kroll LLC as claims agent; (b) TM Capital Corp., as investment banker; (c) Richards, Layton & Finger, P.A. ("RLF") as co-counsel, (d) Ankura Consulting Group, LLC to provide a chief restructuring officer and chief financial officer; and (e) certain ordinary course professionals.  In addition, the Debtors may file motions or applications to employ additional professionals.  K&S will work closely with each of these professionals to prevent unnecessary or inefficient duplication of services, and will take whatever steps are necessary and appropriate to avoid such duplication.  It is anticipated that

5

the coordination of efforts of these professionals will greatly aid in the efficient and effective administration of these chapter 11 cases.

15.    K&S will work with RLF and the Debtors' other professionals to ensure a clear delineation of each firm's respective roles in connection with representation of the Debtors in these chapter 11 cases to prevent duplication of services and ensure these chapter 11 cases are administered in the most efficient fashion possible.  In that regard, K&S and RLF have informed the Debtors that K&S will take the lead on the services set forth in paragraph 12 above.  RLF's duties will include, among other tasks: (i) providing Delaware law expertise, including advising the Debtors and K&S on issues of local practice and the Local Rules; (ii) communicating with the Court and the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") with respect to the Debtors' filings and these chapter 11 cases; (iii) reviewing, commenting on, and coordinating the filing of various pleadings; (iv) appearing in court on behalf of the Debtors; and (v) serving as lead counsel to the Debtors with respect to matters or parties as to which K&S has a conflict and determines that it cannot (or should not) represent the Debtors (where RLF does not similarly have a conflict).

D.    **Professional Compensation**

16.    Pursuant to section 328(a) of the Bankruptcy Code, the Debtors may retain K&S on any reasonable terms and conditions. The Debtors and K&S have agreed that K&S will be compensated for services at hourly rates and be reimbursed for reasonable and necessary expenses, subject to approval of the Court under section 330 of the Bankruptcy Code. The hourly rates and corresponding rate structure K&S will use in these chapter 11 cases are generally the same as the hourly rates and corresponding rate structure that K&S uses in other restructuring matters as well as similar complex corporate, financing, mergers and acquisitions and litigation matters whether in court or otherwise, regardless of whether a fee application is required.  K&S's current hourly

6

rates for lawyers likely to work on these chapter 11 cases, other than specialty practices, range as follows: $1,160 to $1,590 for partners; $1,230 to $1,245 for counsel; $620 to $1,195 for associates; and $265 for paraprofessionals.  The firm's standard hourly rates are subject to adjustment annually as of January 1 of each year.

17.     Subject to this Court's approval, K&S will also bill for, and maintain detailed records of, actual and necessary costs and expenses incurred in connection with the legal services described above.  The Debtors understand that K&S is customarily reimbursed for all expenses incurred in connection with the representation of a client in a given matter, including, but not limited to, photocopying services, printing, delivery charges, filing fees, postage, and computer research time.

18.     K&S has also informed the Debtors that it intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of expenses incurred in connection with these chapter 11 cases in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013, and any other applicable procedures and orders of the Court.

19.     Pursuant to section 504 of the Bankruptcy Code and Bankruptcy Rule 2016(b), K&S has not shared or agreed to share (a) any of its compensation from the Debtors with any other persons, other than employees and partners of K&S, or (b) any compensation any other persons have received or may receive.

E.     **K&S's Disinterestedness**

20.     To the best of the Debtors' knowledge: (a) K&S neither holds nor represents any interest adverse to the Debtors' estates; (b) K&S is not a creditor, an equity security holder, or an

7

insider of the Debtors; (c) K&S is not and was not a director, officer, or employee of the Debtors; and (d) except as specifically disclosed more fully in the Dutson Declaration, K&S has had no connection with the Debtors, their creditors, any party-in-interest, the U.S. Trustee, the Bankruptcy Judge presiding in this case, or any person employed in the Office of the U.S. Trustee. The Debtors believe that K&S is a "disinterested person" within the meaning of sections 101(14) and 327(a) of the Bankruptcy Code.

21.    Based upon the Dutson Declaration, the Debtors submit that, as required by Bankruptcy Code section 327(a), K&S is a "disinterested person," as such term is defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b).  K&S will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. To the extent that K&S learns of any additional material information relating to its employment (such as potential or actual conflicts of interest), K&S will promptly file a supplemental disclosure with the Court and serve such supplemental disclosure on the United States Trustee for Region 3 (the "U.S. Trustee").

22.    The Debtors have reviewed and approved this Application.

### **Basis for Relief Requested**

23.    Section 327(a) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

24.     Additionally, Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the firm to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

25.     The Debtors submit that for all the reasons stated above and in the Dutson Declaration, the retention and employment of K&S as counsel to the Debtors is warranted.  Further, as stated in the Dutson Declaration, K&S, as required by Bankruptcy Code section 327(a), is a "disinterested person" within the meaning of Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b), does not hold or represent an interest adverse to the Debtors' estates and has no connection to the Debtors, their creditors, or other parties in interest, except as disclosed in the Dutson Declaration.

26.     Based on the foregoing, the Debtors submit that the relief requested is appropriate.

## **Notice**

27.     Notice of this Application has been provided to: (a) the Office of the U.S. Trustee for the District of Delaware; (b) the holders of the 30 largest unsecured claims against the Debtors on a consolidated basis; (c) counsel to the administrative agent under the Debtors' prepetition secured credit facilities; (d) counsel to the Debtors' DIP Lender; (e) counsel to the Pre-Petition Term Loan Lenders; (f) the United States Attorney's Office for the District of Delaware; (g) the Internal Revenue Service; (h) the state attorneys general for all states in which the Debtors conduct business or have conducted business; (i) the Monitor (as defined in the Cross Border Motion); and (j) any party that requests service pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in

9

light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

## **No Prior Request**

28.     No prior request for the relief sought in this Application has been made to this or any other court.

## **Conclusion**

WHEREFORE, the Debtors request this Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated:  December 29, 2022

*/s/ Scott Davido*
Name:  Scott Davido
Title:    Chief Restructuring Officer

10