## EXHIBIT B

**Declaration of Jeffrey R. Dutson**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| DCL HOLDINGS (USA), INC., *et al.*,[1] | ) Case No. 22-11319 (JKS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

### DECLARATION OF JEFFREY R. DUTSON IN SUPPORT OF DEBTORS' APPLICATION FOR AUTHORITY TO RETAIN KING & SPALDING LLP AS COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE

I, Jeffrey R. Dutson, hereby state and declare as follows:

I am a partner in the firm of King & Spalding LLP ("K&S"), a law firm that maintains an office at 1180 Peachtree Street, Atlanta, Georgia 30309-3521. I am duly authorized to make this Declaration on behalf of K&S, and I make this Declaration in support of the *Application for Authority to Retain King & Spalding LLP as Counsel to the Debtors and Debtors in Possession Nunc Pro Tunc to the Petition Date* (the "Application") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"). Except as noted, the facts set forth in this Declaration are personally known to me and, if called as a witness, I could and would testify thereto. All capitalized terms used but not defined herein shall have the meanings given to them in the Application.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: DCL Holdings (USA), Inc. (5472); DCL Corporation (BP), LLC (5462); H.I.G. Colors Holdings, Inc. (6233); H.I.G. Colors, Inc. (4305); DCL Corporation (USA) LLC (5534); and Dominion Colour Corporation (USA) (7076). The location of DCL Holdings (USA), Inc.'s corporate headquarters and the Debtors' service address is: 1 Concorde Gate, Suite 608, Toronto, Ontario (Canada) M3C 3N6.

1.      Neither K&S, nor any partner of, associate of, or counsel to K&S represents any entity other than the Debtors in, or in connection with, the Debtors' chapter 11 cases.

2.      K&S is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, in that, except as otherwise disclosed herein, K&S, its partners, counsel, and associates:

(a)     are not creditors, equity holders, or insiders of the Debtors;

(b)     are not and were not, within two years before the Petition Date, a director, officer, or employee of the Debtors; and

(c)     do not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

3.      K&S is not a creditor of the Debtors.  K&S was initially retained by the Debtors to provide legal services beginning in September 2022.  In the 90 days prior to the Petition Date, the Debtors paid K&S $2,336,083.18 for services rendered to the Debtors in connection with the Debtors' potential restructuring, the commencement of these chapter 11 cases, and certain other matters.[2] All payments made by the Debtors to K&S were made (1) within the terms stated on the invoices for such services, (2) as an advance retainer payment or (3) in the ordinary course of business of the Debtors and K&S.  None of the payments is subject to avoidance as a "preference" under 11 U.S.C. §547.  As of the Petition Date, K&S does not hold a retainer.

4.      To the best of my knowledge, information, and belief formed after reasonable inquiry, other than in connection with these cases and other than disclosed in this Declaration, neither I nor K&S has any connection with the Debtors, their creditors, the United States Trustee, the Bankruptcy Judge presiding in this case, or any other party with an actual or potential interest

---

[2]     This amount includes all payments received from the Debtors during the 90 days prior to the Petition Date.

in these chapter 11 cases (or their respective attorneys or accountants), except that: (a) K&S may have appeared from time to time in the past, and may appear in the future, in other cases or matters in which one or more of such parties may have been or may be involved; and (b) K&S may have been retained by certain creditors and other parties in interest or their attorneys, accountants, or professionals in other cases or matters unrelated to the Debtors or their chapter 11 cases.

5.     K&S has researched its client database to determine whether it has any relationships with the following entities (collectively, the "Interested Parties"):

    (a)     the Debtors;

    (b)     the Debtors' thirty largest unsecured creditors (excluding insiders) as of the Petition Date;

    (c)     the Debtors' current officers, directors, and managers;

    (d)     the Debtors' past officers, directors, and managers within the last two years;

    (e)     the Debtors' accountants; and

    (f)     those other creditors and parties in interest listed on **Attachment 1** hereto.

The identities of the Interested Parties were provided to K&S by the Debtors and are listed on **Attachment 1** hereto.

6.     Neither the term "connection" as used in Bankruptcy Rule 2014 nor the proper scope of a professional's search for "connection" has been defined. Therefore, out of an abundance of caution, I am disclosing many representations that are not, to my understanding, disqualifying or problematic under either the Bankruptcy Code or applicable standards of professional ethics.

7.     I have reviewed the results from a search of our client database with regard to the Interested Parties, and I have listed on **Schedule 1** to **Attachment 1** the Interested Parties, or their

affiliates, that K&S currently represents, or previously represented.[3]  Except as disclosed below,

any representation of these parties is or was in connection with matters totally unrelated to the

Debtors or their chapter 11 cases.  In addition, K&S makes the following supplemental disclosures:

8.     <u>H.I.G. Capital Partners.</u>  K&S currently represents and has represented H.I.G.

Capital Partners and its affiliates (collectively, "<u>HIG</u>") in connection with a variety of matters.

During the 2021 calendar year, such matters totaled less than 1% of K&S's overall revenue.  HIG

is a global alternative investment firm that focuses on equity investments in the middle-cap

segment of the market.  Affiliates of HIG own, directly or indirectly, a majority of the equity

interest in the Debtors' parent company.  Prior to K&S's representation of the Debtors, K&S

represented HIG in its acquisition of the Debtors and with respect to various other finance and

corporate matters related to the Debtors.  Prior to the Petition Date, K&S sought and obtained a

conflicts waiver from HIG that permits K&S to be adverse to HIG in connection with these chapter

11 cases.  A copy of the waiver is attached hereto as **Attachment 2**.  K&S does not represent HIG

or its affiliates in connection with any matter in these chapter 11 cases.  All current and prior K&S

representations or HIG have been in matters unrelated to these chapter 11 cases. To my knowledge,

K&S and its partners and employees do not own claims or equity interests in HIG, the Debtors or

any of their respective affiliates.

9.     <u>Wells Fargo</u>.  K&S currently represents and has represented Wells Fargo Bank,

N.A. and its respective affiliates in matters that are unrelated to the Debtors and their chapter 11

cases.  Wells Fargo Bank, N.A. is the agent and sole lender for the Debtors' prepetition secured

ABL credit facility.  K&S has not, and will not, represent any such entities in matters related to

---

[3]    As a general matter, K&S discloses connections with "former clients" that were represented by K&S within the past three years. If a former client has not been represented within the past three years, it is not set forth on **Schedule 1** to **Attachment 1**.

the Debtors or their estates. Prior to commencing these chapter 11 cases, the Debtors sought a waiver from Wells Fargo Bank, N.A. of any potential conflict arising as a result of K&S's representation of the Debtors. The waiver has been granted. A copy of the waiver request is attached hereto as **Attachment 3**. As set forth in the request, K&S is prohibited from: (1) disclosing to the Debtors any confidential information created by or concerning Wells Fargo or its businesses (including, without limitation, trade secrets, communications or other information protected by the attorney-client privilege, work product doctrine or other protections), (2) using or accessing such information in any matter or proceeding without Wells Fargo's consent, or (3) representing the Debtors in any dispute with Wells Fargo arising out of: (i) the chapter 11 cases or any related transaction between the Debtors and Wells Fargo, or (ii) any prior dispute for which a general or specific consent has been given by Wells Fargo, as applicable.

10.     <u>Blackstone</u>. K&S currently represents and has represented Blackstone Alternative Credit Advisors LP and certain of its affiliates (collectively, "<u>Blackstone</u>") in matters that are unrelated to the Debtors and their chapter 11 cases. During the 2021 calendar year, such matters totaled less than 1.75% of K&S's overall revenue. Blackstone is the lead lender representative under the secured prepetition term loan facility for the Debtors. Certain funds managed by Blackstone and its affiliates are the lenders under that facility. K&S has not, and will not, represent any such entities in matters related to the Debtors or their estates. K&S's representation of the Debtors is permitted by an advance waiver pursuant to which K&S is authorized to represent the Debtors so long as: (i) the chapter 11 cases are not related to any matter in which K&S is representing or has represented Blackstone; (ii) no confidential information received from Blackstone is used on behalf of the Debtors; (iii) the K&S attorneys with primary responsibility

for work on Blackstone matters will not work on these chapter 11 cases; and (iv) notice is provided to Blackstone.

11.    <u>Other Disclosures</u>. As part of its practice, K&S appears in cases, proceedings, and transactions involving many different attorneys, accountants, financial consultants, and investment bankers, including other professionals representing the Debtors. In certain instances, such professionals may be the client of K&S or may represent K&S. All of the other cases, proceedings, and transactions in which K&S is involved and professionals representing the Debtors or other parties in interest are also involved are totally unrelated to the Debtors and their chapter 11 cases.

12.    There are over 1,500 creditors and parties in interest in the Debtors' chapter 11 bankruptcy cases. I anticipate that a review of K&S's client database with regard to all of the Debtors' creditors and parties in interest would disclose that K&S previously represented or currently represents one or more creditors or parties in interest (or one or more of their respective affiliates) in addition to those of the Interested Parties who are specifically identified in **<u>Attachment 1</u>**. My review of the results of the search of our client database indicates, however, that, except as otherwise disclosed herein, any and all such other representation(s) of a creditor, a party in interest, or an affiliate of a creditor or party-in-interest would have been or would be in connection with matters totally unrelated to the Debtors or their chapter 11 cases.

13.    The Debtors consented to the continued and future representation by K&S of persons and entities who are creditors or parties in interest in their chapter 11 cases on matters unrelated to the Debtors and their chapter 11 cases, and have waived any conflict that might otherwise exist (or be alleged to exist) as a result of such other unrelated representations.

14.    K&S has advised the Debtors that K&S would not be able to represent the Debtors in an adversary proceeding if the adverse party in that adversary proceeding is a client of K&S

from whom K&S has not first obtained an appropriate waiver and consent. The Debtors have consented to these limitations on the scope of K&S's representation in these bankruptcy cases. RLF is available to serve as lead counsel to the Debtors with respect to matters or parties as to which K&S has a conflict and determines that it cannot (or should not) represent the Debtors (where RLF does not similarly have a conflict).

15.    A number of K&S's representations of the entities, or their affiliates, listed on **Schedule 1** to **Attachment 1** consist of representations in episodic matters. K&S's representation of these entities will not affect K&S's representation of the Debtors in these chapter 11 cases. K&S does not presently represent these entities in any matters adverse to the Debtors and does not represent such entities in matters related to the Debtors.

16.    Notwithstanding the foregoing, to the best of my knowledge, information, and belief formed after reasonable inquiry, neither I nor K&S holds or represents any interest adverse to the Debtors' estates.

17.    Subject to the Court's approval of the Application, K&S will earn and receive only those fees and other payments authorized by this Court.

18.    In consideration for services to be rendered to the Debtors in these chapter 11 cases, K&S, subject to the approval of the Court and as noted below, will be compensated for such services rendered at its standard hourly rates and will be reimbursed for all reasonable and necessary out-of-pocket expenses.

19.    K&S intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with these chapter 11 cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and any other applicable procedures and orders

7

of the Court. K&S will make reasonable efforts to comply with the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "<u>Fee Guidelines</u>"). The hourly rates and corresponding rate structure K&S will use in these chapter 11 cases are generally the same as the hourly rates and corresponding rate structure that K&S uses in other restructuring matters, as well as similar complex corporate, financing, mergers and acquisitions, and litigation matters whether in court or otherwise, regardless of whether a fee application is required. These rates and the rate structure reflect that such restructuring and other complex matters typically are national in scope and involve great complexity, high stakes, and extreme time pressures.

20.     K&S's current hourly rates for lawyers likely to work on this chapter 11 case, other than specialty practices, range as follows: $1,160 to $1,590 for partners; $1,230 to $1,245 for counsel; $620 to $1,195 for associates; and $265 for paraprofessionals.

21.     The firm's hourly rates are subject to adjustment annually as of January 1 of each year.

22.     No agreement or understanding in any form or guise exists between K&S and any other person for a division of compensation for services rendered in or in connection with this case, and no such division of compensation prohibited by section 504 of the Bankruptcy Code will be made, except among partners of K&S. K&S has not shared or agreed to share any compensation received in these cases with any entity other than its partners.

23.     K&S shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in

compliance with section 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.

24.    K&S is aware that the Debtors have submitted, or intend to submit, applications to retain (i) RLF as co-counsel; (ii) Kroll LLC as claims agent; (iii) TM Capital Corp., as investment banker; (iv) Ankura Consulting Group, LLC to provide a chief restructuring officer and chief financial officer, and (v) certain ordinary course professionals.  The Debtors may seek to retain additional professionals in the near term.  K&S, together with the Debtors' management, intends to carefully monitor and coordinate efforts of all professionals retained by the Debtors in these Chapter 11 Cases and will clearly delineate their respective duties so as to prevent duplication of effort, whenever possible.

25.    The following is provided in response to the request for additional information set forth in Paragraph D.1 of the Fee Guidelines.

> **Question:**    Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?
>
> **Response**:    No; _provided_ that K&S has agreed that during the applicable period it will not, absent unexpected circumstances, bill amounts in excess of those specified in the budget approved in connection with the Debtors' post-petition financing.
>
> **Question:**    Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?
>
> **Response**:    No.  The hourly rates used by K&S in representing the Debtors are consistent with the rates K&S charges other comparable chapter 11 clients, regardless of the location of the chapter 11 cases.
>
> **Question**:    If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition.  If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

9

**Response**:   K&S's rates are subject to periodic change in the ordinary course of business.  K&S was retained by the Debtors in September 2022.  Prior to the filing of these Chapter 11 cases, K&S charged the Debtors K&S's standard rates and applied courtesy discounts from time to time.  As an accommodation to the Debtors, immediately prior to the Petition Date, we agreed to certain discounted rates applicable to this case.

**Question**:   Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?

**Response**:   K&S, in conjunction with the Debtors and RL&F, is developing a prospective budget and staffing plan for these chapter 11 cases.

26.     I believe the proposed employment of K&S is appropriate under section 327(a) of the Bankruptcy Code and is not prohibited by or improper under Rule 5002 of the Federal Rules of Bankruptcy Procedure. K&S and the professionals it employs are qualified to represent the Debtors in the matter for which K&S is proposed to be employed.

27.     To the extent any information disclosed herein requires amendment or modification upon K&S's completion of further review or as additional party-in-interest information becomes available, a supplemental declaration will be submitted to the Court reflecting such amended or modified information.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on December 29, 2022, at Atlanta, Georgia.

*/s/ Jeffrey R. Dutson*
Jeffrey R. Dutson

**ATTACHMENT 1**

**Interested Parties**

**DCL HOLDINGS (USA), INC., *ET AL.***

*Debtors*
DCL Holdings (USA), Inc.
DCL Corporation (BP), LLC
H.I.G. Colors Holdings, Inc.
H.I.G. Colors, Inc.
DCL Corporation (USA) LLC
Dominion Colour Corporation (USA)

*Affiliates of the Debtors*
DCL
H.I.G. Capital Partners V, L.P.
HIG Dominion, LLC
HIG Colors Holdings, Inc.
HIG Colors Inc.
HIG Colors Operating Structure
DCL Holdings (USA) Inc.
DCL Corporation
DCL Corporation (NL) B.V.
DCL Corporation (Europe) Limited
Dominion Color Corporation (USA)
Gemini Dispersions Limited
Lansco Holdings, Inc.
Lansco Colors, LLC
Dominion Color Corporation
DDC Maastricht, B.V.
Landers-Segal Color Co., Incorporated
Monteith Inc.
DDC Properties UK Limited
Dominion Color Corporation (Europe) Limited
DDC Holdings Ltd.
DDC IP Corp.
DDC Finance, LLC
DCC Coöperatief
Stampmagnet Limited
DCC (Europe) Limited

A.R. Monteith Inc.
Dominion Colour Corporation
H.I.G. Capital, LLC
LANSCO Colors LLC

***Current Officers and Directors***
Matthew Kretzman
John E. Von Bargen
Michael Koichopolos
Ed Zhang
Blake Egan
Chuck Herak
Eddie Mattei
Wayne Besler
Magen Buterbaugh
Kevin Foster
Mila Khatri
Nicolette Mills
Mark Waiting
Donald Greenwald
Jeff Zanarini
David Charles Herak
Ludo Vos
Nigel Smith
Susan Ashby
Keval Patel
Mark Vincent
Caroline Kung

***Consignees***
PolyOne Central Distribution
Americas Dispersions
PPG Industries Inc.
Sun Chemical Corp.
Becker Specialty
Chromaflo Technology
Axalta Coating Systems Germany
Sherwin Williams
PPG Industries Italia
Cromology

PPG Deco Polska
PPG Coating SARL
Cohills Building Specialties
Forth Technologies – Production
Cleveland Pigments & Blending
Appvion, Inc.
General Color
PPG Architectural
Techmer PM
Omnova Solutions
Polyone
Neenah Redbridge
PPG Coatings
Crown Paints
PPG Deco
Cartidge Logistics
PPG France
PPG Polifarb
Kunstsof-Kemi
Sherwin Williams France
PPG Romania
Prosim Kimya
Mifar SRL
Shri Sai Krupa Warehouse
Akzo Nobel Automotive & Aerospace Coatings B.V.
Axalta Coating Systems Germany GMBH
Avient Corporation
Techmer
PPG Industries Italia, S.P.A.
Becker Industries
HUBER Group Italia S.P.A.
Kunstsof-Kemi

***Top 30 Unsecured Creditors***
Internal Revenue Service

Shepherd Color Company
Oriental Color Corp., Ltd.
Innophos Inc.
Carlfors Bruk AB
Pidilite Industries Ltd.
Occidental Chemical Corp.
Penglai Xin Guang Pigment Chemical Co., Ltd.
Aksharchem (India) Ltd.
Toda United Industrial
Biddle Sawyer Corporation
Vertellus Specialties Austria GmbH
Berkeley County Treasurer
Aceto US LLC
Unique Chemical Limited
Brilliant Group Logistics Corp.
U.S. Customs & Border Protection
Liaoning Honggang Chemicals Co., Ltd.
Meghmani LLP
Mazda Colours Ltd.
Ultramarine & Pigments Ltd.
CINIC Chemicals Co., Ltd.
Zeya Chemicals Co., Ltd.
P&NM Co., Limited
U.S. Water Services Corporation
Violet Pigment & Chemical Industry
Vijay Chemical Industries
Brenntag Mid-South
Lona Industries Limited
Ashu Organics (India) Pvt. Ltd.

***Trade Vendors (excluding Top 30 Unsecured Creditors)***
Al Farben
BDP
Bollore Logistics Canada Inc.
Cooper River Partners LLC
Day & Ross
Ewals Cargo Fmr. Interzuid
Fedex
Hangzhou Hongyan Pgm. Chem. Co., Ltd.
K&T Export-Import

4

Parshwnath Dyechem Ind Pvt Ltd.
R+L Carriers
Road Runners Equipment Ltd.

***Secured Lenders***
Virtus Partners, LP
Virtus Group, LP
Delaware Trust Company
Citibank Europe PLC
HSBC Bank Canada
Wells Fargo Bank, National Association
Bank Direct Capital Finance
Blackstone Alternative Credit Advisors LP

***Banking Institutions (Excluding Secured Lenders)***
HSBC Bank USA, N.A.
Wells Fargo Bank Canadian Branch
Wells Fargo Bank UK
Wells Fargo Bank, N.A., Long Branch
Wells Fargo Capital Finance (Canada)

***Valuation Services***
Municipal Property Assessment Corporation
Hilco Valuation Services

***Freight Forwarders***
A Duie Pyle
ABF Freight
Air Capitol
Amazon Trucking & Warehousing
Averitt
Bollore
C.H. Robinson Freight
Caravan
Chicagoland
CLN Warehouse
D&D Forwarding Services Inc.
DGF
DHL Express
DiPinto

DPS Logistics
DSV Air & Sea Inc.
Federal Express
FedEx Freight
Frontiers Supply Chain Solutions
HS Services
Inhouse Freight
In-house Freight Services
International Cargo Terminals
LDI Logistics
Moran Logistics
Palumbo
Pinnacle
Pitt Ohio
PJT Transport Freight
Sunlands
US Logistics
World Wide International

***Commissions***
American Dispersions, Inc.
B & B Color Corp.
Dar-Tech, Inc.
Denis Rojas - Cristalcor
Dorsett & Jackson, Inc.
IMCD
JNS-SmithChem LLC
McCullough & Associates
PFI Chem Sales Co.
Wang Dan

***Additional Collateral Parties***
H.W. Coates Ltd.
Omega Logistics Group LLC
Port City Logistics
Harbor Freight Transport
DCG Distribution
Curfs Logistics
Sunland Logistics

Dart Logistics
Tennants Textile Colours Ltd.

***Insurers, Insurance Brokers and Insurance Financers***
ADP, Inc.
AIG d/b/a National Union Fire Insurance Company of Pittsburgh, Pennsylvania
AIG Insurance Company of Canada
Atlantic Specialty Insurance Company
Avalon Risk Management Insurance Agency, LLC
Bamboo HR LLC
Berkley Insurance Company
Chubb Insurance Company of Canada
Cigna
ComPsych Corporation
Concur
Fidelity d/b/a FMR LLC
GuideOne National Insurance Company
HealthEquity
HUB International New England
Lloyds of London
Lloyds Syndicates, Beazley
New York Life
Technology Insurance Company
Travelers Casualty Insurance Company of America
Verizon
Zurich-American Insurance Company
HUB International Ontario Limited
AON Risk Services Central Inc.

***Customs Brokers***
BDP Canada
BDP International Inc.
BDP Netherlands B.V.
C-Air Customhouse Brokers
Gaston Schul Customs B.V.
BCB International Inc
Livingston International

***Intellectual Property Lessors***
Sun Chemical Corporation

7

Sun Chemical B.V.

### *Real Estate Lessors*
Link Commercial Properties, LLC
Charane Limited
813182 Ontario Inc.
Fengate Property Management
Cooper River Partners, LLC

### *Material Contract Counter-Parties*
The Shepherd Color Company
KNRV Investments, Inc.
Bayer Chemical Corporation
Bayer Polymers LLC
CRP
Nexans High Voltage USA Inc
Bayer AG
BASF SE
PPG Industries Europe SARL
LANXESS Corporation
Northspec Chemicals Corp.

### *Governmental Agencies*
Arizona Department of Revenue
Berkeley County Government
California Franchise Tax Board
Canada Revenue Agency
Dutch Tax and Customs Administration
Florida Department of Revenue
Georgia Department of Revenue
HM Revenue and Customs
Illinois Department of Revenue
Internal Revenue Service
Iowa Department of Revenue
Kansas Department of Revenue
Kentucky Department of Revenue
Maryland State Department of Assessments & Taxation
Ministry of Commerce, People's Republic of China
New Jersey Division of Taxation
New York State, Department of Taxation and Finance

RLF1 28406197v.1

North Carolina Department of Revenue
Ohio Department of Taxation
Pennsylvania Department of Revenue
South Carolina Department of Health and Environmental Control (DHEC)
South Carolina Department of Revenue
State of Rhode Island, Division of Taxation
Tennessee Department of Revenue
Texas Comptroller of Public Accounts
U.S. Customs and Border Protection
Environmental Protection Agency (the "EPA")
European Chemicals Agency (ECHA)
Ontario Superior Court of Justice Small Claims Court

***Utility Providers***
Carolina Waste and Recycling LLC
Clean Harbors Environmental Services Inc.
Rhode Island Energy
Safety Kleen Systems Inc.
Thompson Trucking Co Inc.
Trash Gurl LLC
U.S. Water Services Corporation
Warwick Sewer Authority
Waste Management, Inc.
Waste Management of Rhode Island

***Bankruptcy Professionals***
Alvarez & Marsal Canada ULC
Ankura Consulting Group
Blake, Cassels & Graydon LLP
King & Spalding LLP
Richards, Layton & Finger, PA
TM Capital Corp.
Kroll, LLC
Osler, Hoskin & Harcourt LLP

***Ordinary Course Professionals***
Grant Thornton LLP
BDO Canada LLP
McMillan LLP
Siskinds, LLP

Moore & Van Allen

***Lender Professionals***
Willkie Farr & Gallagher LLP
FTI Consulting
Otterbourg P.C.
Goodmans LLP
Cassels Brock & Blackwell LLP
Young Conway
Ernst & Young LLP

***Litigation Counterparties***
City of Toronto
Minesh Shah, Former Chief Procurement Officer

***Bankruptcy Judges for the District of Delaware***
Dorsey, John T.
Goldblatt, Craig T.
Owens, Karen B.
Shannon, Brendan L.
Stickles, Kate J.
Walrath, Mary F.
Chan, Ashley M.
Silverstein, Laurie S.

***The Office of the U.S. Trustee for the District of Delaware***
Joseph McMahon
Lauren Attix
Linda Casey
Denis Cooke
Joseph Cudia
Holly Dice
Shakima L. Dortch
Timothy J. Fox, Jr.
Diane Giordano
Christine Green
Benjamin Hackman
Ramona Harris
Nyanquoi Jones
Jane Leamy
Hannah M. McCollum

Angelique Okita

James R. O'Malley

Michael Panacio

Linda Richenderfer

Juliet Sarkessian

Richard Schepacarter

Edith A. Serrano

Rosa Sierra-Fox

Dion Wynn

11

## SCHEDULE 1 TO ATTACHMENT 1

**Parties That Are or Have Been Represented by
K&S in Matters Wholly Unrelated to the Debtors' Chapter 11 Cases**

| CURRENT REPRESENTATION | |
|---|---|
| *Debtors* | DCL Holdings (USA), Inc. |
| | DCL Corporation (BP), LLC |
| | H.I.G. Colors Holdings, Inc. |
| | H.I.G. Colors, Inc. |
| | DCL Corporation (USA) LLC |
| | Dominion Colour Corporation (USA) |
| | |
| *Consignees* | Axalta Coating Systems Germany |
| | Appvion, Inc. |
| | |
| *Top 30 Unsecured Creditors* | Occidental Chemical Corp. |
| | |
| *Secured Lenders* | Wells Fargo Bank, National Association |
| | Blackstone Alternative Credit Advisors LP |
| | |
| *Banking Institutions* | HSBC Bank USA, N.A. |
| | Wells Fargo Bank, N.A., Long Branch |
| | |
| *Freight Forwarders* | PJT Transport Freight |
| | |
| *Insurers, Insurance Brokers and Financers* | Fidelity d/b/a FMR LLC |
| | New York Life |
| | |
| *Utility Providers* | Rhode Island Energy |
| | Waste Management, Inc. |
| | |
| *Ordinary Course Professionals* | Grant Thornton LLP |
| | |
| *Lender Professionals* | FTI Consulting |
| | Ernst & Young LLP |
| | |
| *Material Contract Counter-Parties* | BASF SE |
| | |

| CURRENT REPRESENTATION OF AFFILIATE OF INTERESTED PARTIES | |
|---|---|
| *Affiliates of the Debtors* | DCL |
| | H.I.G. Capital Partners V, L.P. |
| | HIG Dominion, LLC |
| | HIG Colors Holdings, Inc. |
| | HIG Colors Inc. |
| | HIG Colors Operating Structure |
| | DCL Holdings (USA) Inc. |
| | DCL Corporation |
| | DCL Corporation (NL) B.V. |
| | DCL Corporation (Europe) Limited |
| | Dominion Color Corporation (USA) |
| | Gemini Dispersions Limited |
| | Lansco Holdings, Inc. |
| | Lansco Colors, LLC |
| | Dominion Color Corporation |
| | DDC Maastricht, B.V. |
| | Landers-Segal Color Co., Incorporated |
| | Monteith Inc. |
| | DDC Properties UK Limited |
| | Dominion Color Corporation (Europe) Limited |
| | DDC Holdings Ltd. |
| | DDC IP Corp. |
| | DDC Finance, LLC |
| | DCC Coöperatief |
| | Stampmagnet Limited |
| | DCC (Europe) Limited |
| | A.R. Monteith Inc. |
| | Dominion Colour Corporation |
| | H.I.G. Capital, LLC |
| | LANSCO Colors LLC |
| | |
| *Secured Lenders* | Virtus Partners, LP |
| | Virtus Group, LP |
| | Citibank Europe PLC |
| | HSBC Bank Canada |
| | Blackstone Alternative Credit Advisors LP |
| | |
| *Banking Institutions* | Wells Fargo Bank Canadian Branch |

RLF1 28406197v.1

|  | Wells Fargo Bank UK |
|  | Wells Fargo Capital Finance (Canada) |
|  |  |
| *Freight Forwarders* | Amazon Trucking & Warehousing |
|  |  |
| *Additional Collateral Parties* | Harbor Freight Transport |
|  |  |
| *Insurers, Insurance Brokers and Financers* | Lloyds of London |
|  | Lloyds Syndicates, Beazley |
|  | Travelers Casualty Insurance Company of America |
|  | AON Risk Services Central Inc. |
|  | AIG d/b/a National Union Fire Insurance Company of Pittsburgh, Pennsylvania |
|  | AIG Insurance Company of Canada |
|  |  |
| *Utility Providers* | Waste Management of Rhode Island |
|  |  |
| *Bankruptcy Professionals* | Alvarez & Marsal Canada ULC |
|  | Ankura Consulting Group |
|  | Kroll, LLC |
|  |  |
| *Ordinary Course Professionals* | BDO Canada LLP |
|  |  |
| *Material Contract Counter-Parties* | Bayer Chemical Corporation |
|  | Bayer Polymers LLC |
|  | Bayer AG |
|  |  |

| FORMER (WITHING 3 YEARS) REPRESENTATION OF AFFILIATE OF INTERESTED PARTIES | |
|---|---|
| *Insurers, Insurance Brokers and Financers* | Cigna |
|  |  |

RLF1 28406197v.1

## **ATTACHMENT 2**

**H.I.G. Waiver**

# KING & SPALDING

King & Spalding LLP
1180 Peachtree Street, NE
Atlanta, Georgia  30309-3521
www.kslaw.com

Rahul Patel
Direct Dial:  404 572 4754
Direct Fax:  404 572 5100
rpatel@kslaw.com

September 28,  2022

H.I.G. Capital Partners
Attn: Ed Zhang
1450 Brickell Avenue
31st Floor
Miami, Florida  33131

          Re:     Request for Conflict Waiver

Ed:

          As you know, King & Spalding has been representing and providing legal advice to H.I.G. Colors Holdings, Inc. and certain of its subsidiaries (collectively, "DCL") in connection with a financial restructuring and possible filing by DCL of a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Restructuring Representation").  We understand that DCL is ultimately owned by affiliates of H.I.G. Capital Partners (collectively and excluding DCL, "HIG").

          Because we serve as counsel to H.I.G. with respect to certain matters and have previously represented H.I.G. in connection with DCL, our representation of DCL in connection with the Restructuring Representation could present a conflict of interest or an appearance thereof.  This will confirm that H.I.G. and its affiliates have consented to our representation of DCL in connection with the Restructuring Representation and that H.I.G. and its affiliates have waived any conflict that might exist or be alleged to exist as a result of that representation and our concurrent representation of H.I.G. and its affiliates in unrelated matters.  We have disclosed to DCL our representation of H.I.G. and its affiliates and have obtained a similar consent and waiver from DCL.

          This will confirm that the Restructuring Representation could include (if needed) a representation by King & Spalding of DCL in connection with (i) any adversary proceeding or civil action that might be commenced against H.I.G. and/or its affiliates, (ii) the defense of DCL in any adversary proceeding or civil action that is commenced by H.I.G. and/or its affiliates against DCL, and (iii) the representation of DCL in connection with contested matters arising in any bankruptcy case of DCL in which DCL and H.I.G. and/or its affiliates have differing positions or interests.

45141971v2

H.I.G. Capital Partners
September 28, 2022
Page 2

This will further confirm that nothing in this letter waives our duty of confidentiality with respect to our representation of H.I.G. and/or its affiliates in matters unrelated to the Restructuring Representation. Obviously, we will continue to safeguard all material, non-public, confidential information which we have obtained during our representation of H.I.G. and/or its affiliates on such unrelated matters.

I would appreciate it if you would sign and return a copy of this letter so as to evidence H.I.G.'s understanding of an agreement with the matters set forth in this letter.

Very truly yours,

Rahul Patel

**ACKNOWLEDGED AND AGREED TO**
**this 28th day of September, 2022.**

**H.I.G. CAPITAL PARTNERS,**
**on its behalf and on behalf of its affiliates**

By:

## **ATTACHMENT 3**

**Wells Fargo Waiver**

**From:** LegalConflictRequest@wellsfargo.com <LegalConflictRequest@wellsfargo.com>
**Sent:** Wednesday, October 5, 2022 3:06 PM
**To:** Reilly Schreck <RSchreck@KSLAW.com>
**Subject:** RE: Conflict Waiver Request - H.I.G. Colors Holdings, Inc.

**CAUTION: MAIL FROM OUTSIDE THE FIRM**

Greetings,

Wells Fargo consents to your firm's request, subject to the conditions noted below.

**This grant of specific consent is expressly conditioned on the Firm's acknowledgment that its waiver request is subject to the terms and conditions set forth in Exhibit B to Wells Fargo's Policy Regarding Legal Conflicts of Interest.**

Thank you,


Outside Counsel Management Team

Wells Fargo Legal Department



Jennifer Hector

Paralegal



**From:** Legal Conflict Request <LegalConflictRequest@wellsfargo.com>
**Sent:** Friday, September 30, 2022 2:10 PM
**To:** Reilly Schreck <RSchreck@KSLAW.com>
**Cc:** Legal Conflict Request <LegalConflictRequest@wellsfargo.com>
**Subject:** RE: Conflict Waiver Request - H.I.G. Colors Holdings, Inc.

Thanks, Reilly. The waiver will be reviewed and Ill reach out once a final decision has been made.

Best,


Outside Counsel Management Team

Wells Fargo Legal Department



Jennifer Hector

Paralegal

**From:** Reilly Schreck <RSchreck@KSLAW.com>
**Sent:** Friday, September 30, 2022 1:38 PM
**To:** Legal Conflict Request <LegalConflictRequest@wellsfargo.com>
**Subject:** RE: Conflict Waiver Request - H.I.G. Colors Holdings, Inc.

Thank you Jennifer,

Please see the updated waiver request.

Dear Wells Fargo Conflicts Counsel:

I am writing to request your specific consent to our representation of a party in a matter which would result in a Conflict of Interest that is not covered by any of the general consents contained in the current Wells Fargo & Company Policy Regarding Legal Conflicts of Interest (the "Conflicts Policy") or has been identified by Wells Fargo as a Conflict of Interest to which the general consent provisions of the Conflicts Policy do not apply.  Terms used but not defined herein have the meanings given them in the Conflicts Policy.

H.I.G. Colors Holdings, Inc. and its subsidiaries (the "Adverse Party") have asked King & Spalding LLP (the "Firm") to represent them in connection with a potential restructuring that may result in a chapter 11 bankruptcy filing by the Adverse Party (the "Restructuring").  Wells Fargo is the ABL Lender for the Adverse Party.  The Wells Fargo line of business relationship manager or account officer is Raymond Notie Eghobamien, Vice President of Wells Fargo Capital Finance (Wells Fargo Capital Finance | 22 Adelaide Street West, Suite 2200 | Toronto, Ontario M5C 1X3 MAC N2689-250 Tel 647-963-0561 | Cell 416-775-2922  raymond.eghobamien@wellsfargo.com). Rahul Patel, Spencer Stockdale, Sarah Borders, Christopher Buchanan, and Jeff Dutson, partners of the Firm, and associates Leia Shermohammed, Kathryn Wilson, Allison Dunsford, and Will Reily will represent the Adverse Party.

If Wells Fargo consents to the proposed representation, the Firm acknowledges and agrees that the representation will be subject to any additional terms and conditions contained in the email granting consent to the proposed representation, and all applicable rules of professional conduct, and the Firm further agrees that it will not (1) disclose to an Adverse Party any confidential information created by or concerning Wells Fargo or its businesses (including, without limitation, trade secrets, communications or other information protected by the attorney-client privilege, work product doctrine or other protections), (2) use or access such information in any matter or proceeding without Wells Fargo's consent, or (3) represent the Adverse Party in any subsequent Dispute with Wells Fargo arising out of: (i) the Transaction or any related transaction between the Adverse Party and Wells Fargo, or (ii) any prior Dispute for which a general or specific consent has been given by Wells Fargo, as applicable. The Firm further agrees, if applicable, that any workout or restructuring of the Transaction or any related transactions in the context of a default by either the Adverse Party or Wells Fargo, or any bankruptcy proceeding involving the Adverse Party or Wells Fargo, will be considered a Dispute arising out of the Transaction.

This request, and any responsive email that grants the specific consent of Wells Fargo, shall constitute the exclusive terms and conditions upon which Wells Fargo will consent to the Transaction.  Any change to or modification of the agreed upon terms shall not be effective unless given in a writing signed by Wells Fargo Conflicts Counsel or another authorized representative of the Wells Fargo Legal Department.

Furthermore: (a) the Firm shall affix a copy of this specific consent request, or otherwise adequately disclose its terms in, the conflict disclosure statement filed in the bankruptcy case and shall provide Wells Fargo with a copy and any amendments or supplements to the disclosure statement that relate to Wells Fargo and this specific consent and provide a copy of the order approving the Firm's engagement on behalf of the debtor or creditors' committee to Wells Fargo; (b) the Firm shall take all steps necessary to ensure (except with respect to the individuals set forth above) that

no person presently working on Wells Fargo matters represents the debtor or creditors' committee, and that no person representing the debtor or creditor's committee will have access to any Wells Fargo files or documents, or any information contained in those files or documents; (c) the Firm may not participate in any manner in any challenge to the amount, allowance, validity, priority, perfection, or extent of liens or claims asserted or held by Wells Fargo; and (d) the Firm may not commence, render legal advice respecting or otherwise participate in any litigation which seeks or would seek to recover funds from Wells Fargo whether by direct payment from Wells Fargo, setoff, recoupment, counterclaim or any other means.

If you agree that the Firm may conduct its proposed representation in the referenced matter subject to these conditions, or subject to such additional conditions as you may deem appropriate under the circumstances, please confirm this for me by return email.

Thank you,