# EXHIBIT C

**Davido Declaration**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| DCL HOLDINGS (USA) INC., *et al.*,[1] | ) Case No. 22-11319 (JKS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

### DECLARATION OF SCOTT DAVIDO IN SUPPORT OF
### DEBTORS' APPLICATION FOR AUTHORITY TO RETAIN KING & SPALDING LLP
### AS COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION *NUNC PRO TUNC*
### TO THE PETITION DATE

Pursuant to 28 U.S.C. § 1746, I, Scott Davido, hereby declare as follows:

1.      I am the Chief Restructuring Officer of DCL Holdings (USA) Inc. ("DCL" or the "Company")).  In my current role, I am responsible for supervising outside counsel and monitoring and managing legal fees and expenses.

2.      On December 20, 2022 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").  The Debtors seek relief under section 327 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014, 2016, and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  I submit this declaration (the "Declaration") in support of the Application (the "Application")[2] of DCL and its debtor affiliates, as debtors and

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: DCL Holdings (USA), Inc. (5472); DCL Corporation (BP), LLC (5462); H.I.G. Colors Holdings, Inc. (6233); H.I.G. Colors, Inc. (4305); DCL Corporation (USA) LLC (5534); and Dominion Colour Corporation (USA) (7076). The location of DCL Holdings (USA), Inc.'s corporate headquarters and the Debtors' service address is: 1 Concorde Gate, Suite 608, Toronto, Ontario (Canada) M3C 3N6.

[2]     Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Application.

debtors in possession (collectively, the "Debtors"), pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for authority to retain and employ King & Spalding LLP ("K&S" or the "Firm"), as attorneys for the Debtors effective as of the Petition Date.

3.      This Declaration is provided pursuant to Paragraph D.2 of the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "Fee Guidelines").  Except as otherwise indicated herein, the facts set forth in this Declaration are based upon my personal knowledge, information provided to me by the Debtors' employees or advisors, or my opinion based upon knowledge and experience as General Counsel and Secretary for the Debtors.  I am authorized to submit this Declaration on behalf of the Debtors.

4.      The Debtors recognize that a comprehensive review process is necessary when selecting and managing chapter 11 counsel to ensure that their bankruptcy professionals are subject to the same client-driven market forces, security, and accountability as professionals in non-bankruptcy engagements.  The Debtors engaged K&S in September 2022 to advise the Debtors in connection with the execution of their duties as debtors and debtors in possession.  The Debtors chose K&S based upon K&S's extensive experience and knowledge and its recognized expertise in the field of debtor protections, creditor rights, and business reorganizations under chapter 11 of the Bankruptcy Code, as well as in other areas of law related directly or indirectly to these chapter 11 cases.

5.       K&S has confirmed to me that the Firm does not vary its billing rates or the material terms of an engagement depending on whether such engagement is a bankruptcy or a non-bankruptcy engagement.  K&S has advised me that its current customary U.S. hourly rates are $1,160 to $1,590 for partners; $1,230 to $1,245 for counsel; $620 to $1,195 for associates; and $265 for paraprofessionals.  It is my understanding that K&S reviews and adjusts its billing rates annually. K&S has advised me that it will inform the Debtors of any adjustment to its existing rate structure.

6.       I am informed by K&S that its attorneys' billing rates are aligned each year to ensure that its rates are comparable to the billing rates of its peer firms.  To the extent that there is any disparity in such rates, however, I nevertheless believe that K&S's retention by the Debtors is warranted in these cases for the reasons set forth in the Debtors' Application.

7.       I understand that K&S's fees and expenses will be subject to periodic review on a monthly, interim, and final basis, as applicable, during the pendency of these chapter 11 cases by, among other parties, the Office of the United States Trustee, and the Debtors, in accordance with the terms of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and order of the Court governing the procedures for approval of interim compensation of professionals retained in chapter 11 cases.

8.       As Chief Restructuring Officer, I supervise and manage legal fees and expenses incurred by the Debtors' outside counsel.  I review the Debtors' outside counsel invoices and authorize all legal fees and expenses prior to the payment of such fees to outside counsel.  In so doing, I assure that all requested fees and expenses are reasonable and correspond with necessary or beneficial services rendered on behalf of the Debtors' and their estates.  The aforementioned review and approval process does not differ when the Debtors employ outside counsel for non-

bankruptcy matters.  Moreover, K&S has informed me that the Debtors will be provided with the opportunity to review all invoices and request adjustments to such invoices to the extent that the Debtors determine that such adjustments are necessary and appropriate, which requests will be carefully considered by K&S.

9.      K&S and the Debtors will develop a prospective budget and staffing plan for the first interim period of these chapter 11 cases.  The Debtors recognize that in a large chapter 11 case such as this, it is possible that there may be unforeseen fees and expenses that will need to be addressed by the Debtors and K&S.  The Debtors also recognize that it is their responsibility to monitor closely the billing practices of K&S and its other counsel to ensure that fees and expenses paid by the estates remain consistent with the Debtors' expectations, taking into account the exigencies of these chapter 11 cases.  To that end, the Debtors will continue to review and monitor the regular invoices submitted by K&S, and, together with K&S, will periodically amend the budgets and staffing plans to reflect developments in these cases as applicable.

10.      As is the Debtors' historical practice, the Debtors will continue to monitor the fees and expense reimbursement process during these chapter 11 cases and ensure that the Debtors are active participants in that process.  Recognizing that every chapter 11 case is unique, the Debtors, together with K&S, will utilize the budgeting process to provide guidance on the period of time involved and the level of attorneys and professionals that will work on various matters, as well as the projection of average hourly rates for the attorneys and professionals for such matters.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Dated:  December 29, 2022

*/s/ Scott Davido*
Name:  Scott Davido
Title:    Chief Restructuring Officer